May it please the Court, my name is Abra Siegel and I am an attorney with the National Jewish Advocacy Center representing plaintiffs of the Jewish Appellate Movement herein, a Jewish FIT student proceeding under the pseudonym of Jane Doe. May I reserve one minute for rebuttal? Okay, we'll stop at the one minute mark. We're here today on our motion to stay the district court ordered to my client to file an amended complaint in her true name while her interlocutory appeal of the denial of her pseudonym motion is pending before this court. By way of background, this lawsuit alleges that FIT has been deliberately indifferent to horrible on-campus anti-Semitism, which plaintiff complained about that FIT did nothing about, often claiming they did not have jurisdiction in the streets in front of the campus. But when, two years ago on February 1, 2024, plaintiff rejected a flyer calling for student signatures on an anti-Semitic, anti-Israel petition, accidentally jostling the leafleter, FIT suspended her immediately. At the time, our client was falsely accused on unofficial FIT student social media of deliberately assaulting the leafleter, and immediately became the target of serious threats of physical harm and harassment. Examples of the threats of physical harm were one poster stating that beating her ass as an example, pardon my language, another poster saying that her face would be catching a left hook to the jaw if they were present, a third poster stating, expressing that they were pissed off, presenting a terrifying photo of a snarling dog with teeth bared, and these are undisputed. But at that point, the folks making those types of threats presumably knew your client's identity, right? Correct, Your Honor. And I think that's a good point, too. The fact that some of those who wish to do harm to the plaintiff know her identity is not a basis for not granting a motion to proceed on her student. No, that may not be, but I think that the point is that you have to show that there is likely to be some fallout from her being publicly identified. And although there were pretty vile threats, I mean, the fact is that people did know her identity before, and it never got past the threats. Yes, she was correct, Your Honor. She was suspended from the campus immediately, and she did conceal her identity for a period of time thereafter, wearing sunglasses, hats, and clothing when she was near the campus. Now two years have passed. Fifty percent of those students at FIT who were present two years ago have since left the campus. But the demonization and hatred towards Jews who stand up for Israel remains on campus, as exemplified by the recent death threats against ISIS. She's still a student there. She is a current student there still, yes. Well, what do you say to the fact that the atmosphere on the campuses is fraught on every which side, and there's so much hostility and anger that all litigation involving that may very well be brought by people who find it convenient and even desirable to be anonymous, that we'd end up with a whole bunch of jurisprudence basically made in the name of anonymous people? A great question, Your Honor. There may be cases like that. But in this case, we don't have to speculate about what the reaction would be to her identity being judicially revealed herein, because she faced targeted threats of physical harassment for the conduct that is at issue in the lawsuit. So we know what the reaction would be to be judicially revealed that she is the plaintiff in this lawsuit. And at FIT in particular, during the pendency of this litigation, there have been stickers affixed inside FIT's corridors saying, the only good Zionist is a dead Zionist. And these are not something that every plaintiff in the world who alleges anti-Semitism would face. I mean, but are you suggesting that anybody who is bringing claims like this one on campuses anyplace is going to be then entitled to file an anonymous complaint because of stickers like that? Not necessarily, no, Your Honor. I'm not presenting that. It is a nationwide problem. It is a nationwide problem, agreed. But we have here undisputed record evidence that at FIT within its corridors, within its FIT student body, this plaintiff at the time was personally threatened. And at FIT currently, they have a continuing problem of demonization and — Your motion is only for a stay pending appeal of the order that she file an amended complaint in her own name. Is that right? That is correct, Your Honor. You're not asking to stay all of the proceedings below? Correct. I am not. And you're not asking us to decide one way or the other the merits of the appeal? Correct. That is not what I'm asking today. I'm just asking for a stay at this initial pleading stage. And that's why — And presumably, it would be possible to expedite the appeal, would it not? Yes, it's fully briefed. It's already fully briefed? Fully briefed. That's partly a need. Ready to argue next time. We're pretty current. It's partly a need to expedite the oral argument, I suppose, at this point, because, you know, it's likely to be scheduled no later than March or so, I would guess. Yes, Your Honor. We could even, though, enter an order asking that it be assigned to some panel that's sitting this month or in February. Yes, Your Honor. Okay. Absolutely. And the case may proceed. Our opponents, FIT, argued that they would be prejudiced by the stay because it would delay matters. But it doesn't need to delay matters. It doesn't need to delay anything, right? No, because we're at the initial pleading stage. All we ask is that — Well, you could conduct discovery, right, while this is going on. There's no reason why there can't be discovery. FIT knows the identity of the student, obviously.  So perhaps there are things by way of investigation that they would like to do in terms of seeking out other witnesses or maybe witnesses would come forward who knew more about the incident if they knew that this lawsuit was in progress. But as far as the normal, you know, kinds of discovery that would take place, that can all keep going on, right? It could. And we're not even at discovery, Your Honor. They haven't even — we haven't exchanged initial disclosures because they moved to dismiss the complaint. So we've, in response, have asked for — to file a motion to amend the complaint in various ways. And so we could proceed with the briefing on the motion to amend the complaint just as long as we could do it in the pseudonym name. And if FIT is — All that is at stake now, today, as we sit here now, is whether the plaintiff is required to file an amended complaint in her own name immediately. Correct. That was the Court's most recent order, that within seven days we had to file a complaint in our complainant's true name or the case was going to be dismissed. So we — that's all we're asking at this point, is that we — that order be stayed so that Your Honors have — or whatever panel is assigned has the opportunity to consider the merits of our substantive appeal on the denial of our motion to proceed under pseudonym. And we can proceed below with everything else. There's really no reason to delay anything. There's no — and that's part of why we argue that the — we have likelihood of success on the merits on appeal on the denial of pseudonym. And because the very able district court judge did not consider, as required by Your Honors' decision in sealed plaintiff versus sealed defendant, Factor No. 6, prejudice of defendant, he did not consider whether there was any prejudice of defendant at this stage of the proceedings. And sealed plaintiff requires the courts to consider prejudice at each stage of the proceedings. And at this stage, there is no prejudice because we can proceed with the — those are purely legal arguments, obviously, on a motion to dismiss. They're purely legal arguments on a motion to amend. There is no prejudice. And FIT has never pointed to any prejudice at this stage of the proceedings. And that's in part — If at some later stage — At a later stage, he can revisit. If at some later stage — Yes. — your client is required to identify herself in public pleadings, would you dismiss the complaint rather than do that? I think it depends on the state of world affairs and demonization on FIT's campus at that time. It's a prejudice issue. It could matter. I'm — pardon me. I didn't hear. The prejudice issue might arise if the defendant participates in discovery and then you decide to dismiss the case and they're willing to do it. They will have experienced legal fees and other proceedings. That's correct, Your Honor. Well, at this point, I think it's — the court, Your Honors, are not required to consider what's going to happen down the road because it really depends on what's happening at FIT's campus. She may be graduated by the time we are getting to the discovery stage. We have to — we haven't even briefed the new motion to amend the complaint, the motion to dismiss the complaint. If they're successful with their motion to dismiss, then there's never going to be discovery. They're not proceeding with discovery. They haven't even given us initial disclosures. Thank you. All right. Thank you. We'll now hear from Ms. Kimura. Am I pronouncing that right? Kimura, yes. Good morning, Your Honors. May it please the Court. My name is Rebecca Kimura. I'm an attorney with Vaughn, Schoenig, and King, and I represent the Defendant Appellee Fashion Institute of Technology, or FIT. And may I address one comment that Your Honor made? The issue to be addressed today, which is whether or not the plaintiff has to amend her complaint to proceed under her true name, is, in fact, putting a stop to the entire case. Because there is no operative complaint at this point, we cannot proceed with anything. That is, in effect, staying the entire matter. FIT has filed a motion to dismiss the entire complaint, and plaintiff has responded by asking to amend the complaint. We can't proceed any further. There's nothing else to be done at this point.  Why did we file a motion to dismiss? No, why couldn't those issues be addressed by a court? I don't understand that. Why would it be necessary to not address whatever the merits of your motion are, or whatever merits of the proposed amended complaint there might be? So the basis for the – although plaintiff has characterized this complaint as a discrimination, harassment case because of her Jewish identity, it's actually not. It is, in fact – it should have been an Article 78 petition. She is, in fact, disputing the disciplinary action taken against her by FIT because she affirmatively, aggressively punched a person who was handing out a leaflet outside of campus. That is the whole reason for this case. It is not a discrimination, harassment case. And that is the basis of our motion to dismiss. It has nothing to do with her Jewish identity whatsoever. Is FIT a State institution? Yes, it is. I didn't know that.  Thank you. Correct. And in discussing the – But I'm still not – I'm not sure that's an answer to the question. That's an argument on the merits. Which is – FIT wants to progress the case by filing its motion to dismiss the case. We think we're going to get out on the motion to dismiss. So why just get out on – There's nothing else to – Excuse me. Why just get out on the motion to dismiss, then? Why can't you go ahead? And, I mean, why is this such a big deal? Because – Excuse me. Why is this such a big deal? If the case is totally frivolous and totally meritless and can be dismissed on the pleadings, why is there any hardship whatsoever to proceeding at this stage anonymously? I mean, I understand the argument. It's a very important argument that if we're going to have a trial, that should take place in public.  It will take place in public. The person's identity is going to be visible. So except in rather extreme circumstances, it would be rather shocking to just say, well, we're going to let somebody be Jane Doe. That happens. Your Honor. Something extreme. Because there is prejudice to a party in not being able to, you know, take advantage of people who come forward and say, oh, I know that person. She's somebody who, you know, committed perjury in some manner that I was related to or whatever. But at this stage, it's purely legal discussion. You're saying you can get out of this on a motion to dismiss. Yes. So do it. So we cannot because the plaintiff has been provided leave. No, because you cannot. Because you objected to the anonymity of the complaint as a way of avoiding dealing with the merits by putting pressure on her to do something that she manifestly does not want to do. And that is at least frivolous, at least not frivolous to think that it might endanger her. Your Honor, we did not, FIT did not oppose the motion to proceed anonymously. We are simply opposing the motion for a stay because we don't want to, we do not want to continue. So this was something the judge did totally out of the box. Correct. We are just opposing the motion for a stay because we don't want to prolong this any further. And in fact, the longer it gets prolonged, we are going to be missing out. The people are going to be graduating. We might not have the witnesses we had before for the underlying motion that complaint that the complaint, that the plaintiff filed. So we will be prejudiced by a stay, not by the pseudonym. We are not arguing about that. We are arguing about the stay. That is a stay of the entirety of the proceedings. Correct. That's not what the district judge ordered and that's not what they are asking for, right? But that essentially is what's happening because we can't proceed on our motion. Didn't they just order the district court not to stop proceedings and to address the merits of your motion? No, because the next stage is the plaintiff has to amend her complaint. That is her, that is what she, she opposed our motion by amending it. That would happen in any event. If she came in and said, my name is Anne Frank and I want to bring this complaint, if you wanted to move to dismiss and she wanted to amend her complaint in various ways, that happens in every litigation. There is nothing special about that. Correct. But she will not do so if she has to disclose her true name. So we can't get to that point. So why are we fighting here about whether she needs at this moment to reveal her name or whether that can't be stayed while a panel decides what it sounds like is a pretty easy thing to decide and something that is already, an appeal that is already fully briefed and ready for oral argument? Just what is the big deal here about the stay? We just want to proceed with the action. And the judge, the district court judge, has ordered the plaintiff to amend immediately and she has not done so because this appeal is pending. We don't know when it will be heard or decided. Well, granting the stay, I mean, puts the burden on the movant to show that they have a likelihood that they would win and that there is a rightful alarm and the other. Correct. And our argument is that they have not met that burden. So that's really the question, I guess, that I would ask you to engage with. Sure. Why is it that you think they don't have a likelihood of success? Why do you think that they are not likely to prevail? Because plaintiff has not identified any data or controlling law that the district court overlooked. The district courts looked at each of the ten factors in the sealed plaintiff case and decided in its discretion that the factors did not, did not demonstrate that she should proceed under a pseudonym. And, you know, on appeal, it has to be reviewed for abuse of discretion. And the plaintiff has not shown in any way if there's any error of law or any clearly erroneous finding of fact that the court made or that the decision was outside the bounds of what could be decided. So there's no showing here that there's anything that would indicate that the judge abuses discretion. The plaintiff only points to three issues that are the same that she argued on the motion for reconsideration. There's nothing new here. The court already addressed those three issues and already determined that the judge didn't overlook those and that the court affirmed that she hasn't shown enough that she hasn't shown that she might be irreparably harmed if she has to proceed under her true name. And one of the things is that she points to this typographical error that the court already addressed, which is that she alleges that there are stickers affixed somewhere in FIT, generic stickers not addressed to her, that are target Jewish students generally, not even in FIT particularly. They're just standard stickers. They have nothing to do with her. The only reason why she was targeted early on is because she affirmatively punched this person who was handingly lit and was caught on video. That's the only reason why she was targeted earlier, not simply because she's a Jewish student at FIT, which is how she tries to characterize it. Is that video part of the record before us? I don't know if it's part of the record before you. It is part of our motion to dismiss the underlying action. All right. Also, she argues that the judge incorrectly found that she was not similarly situated or that the harm would not impact her because the Zionist sticker not only did not target her directly or anyone similarly situated, only because she's a Jewish student, she thinks that she's similarly situated. But that's not what the court in Doe v. Intel found. In that case, with very similar factual background, the plaintiff there argued that there was general unrest and violence against Jewish people in New York City. The court found that wasn't sufficient enough to show that she's similarly situated to these people. Well, it's a little bit different than the fact that a Jewish person is assaulted on the street somewhere in Brooklyn. If that were what the plaintiff was arguing, it means that she is in danger. That would be a very different thing than the fact that she has apparently received threats of violence already and that there are slogans targeting Zionists, not necessarily Jews. But I assume that the plaintiff embraces that label. So those things are happening at FIT, not in Brooklyn or the Bronx. No. The plaintiff has only been targeted because of this incident. That was caught on video. She has not alleged or shown any evidence that anyone else at FIT was targeted simply because they're Jewish. And based on Doe v. Intel, she would have to show that these people who are targeting Jewish students at FIT are trolling the court docket to find people who are filing lawsuits as well. That's just not the case here. She cannot show she's similarly situated based on that alone. Thank you. I mean, you know, we have other cases we're going to argue and we've gone over, but I did give one minute of rebuttal. Thank you, Your Honor. Just in terms of the Second Circuit and the U.S. Supreme Court has held that in terms of the motion for stay, the four-factor test, the first two factors, irreparable harm if the stay is denied versus likely of success in the merits, are the two most important, and they're inversely proportional. So in this situation where the irreparable harm of having her name revealed in a public caption of a complaint. But it seems like the people who are most likely to harm her already know her identity, right? I would say not necessarily. So who are the people who are going to harm her that don't yet know her identity? I guess I'm trying to flesh that out. That's an excellent question again, of course. Those are anybody who demonizes Jews and who support the existence of the State of Israel and stand up for it, as is revealed in this lawsuit. So in the corridors of FIT, there is no dispute. It's clear in the record. There are stickers that state, the only good Zionist is a dead Zionist. That's a controlled access building in the FIT corridors. Today, those stickers were fixed. But those people presumably in the building who have access to the building already know her identity, right? Not necessarily. Those people who threatened her two years ago may be gone, but the publication of her name in this lawsuit, possibly picked up by news media, is what FIT is suggesting would help them unearth new witnesses, would be a whole new body of people that would become aware of her identity. Was the permission to file an amended complaint conditioned upon it being filed in her true name? No, they're two separate orders. So I do think we can proceed with our motion to amend the complaint. And your motion to amend the complaint presumably attaches the proposed amended complaint. It will, yes. We haven't filed it yet. The way the lower court judge proceeds is you first file a letter about your anticipated motion, asking for permission to file the motion to amend the complaint. He granted our permission. He gave us permission to file an amended complaint, set a briefing schedule, and then while that was pending, we were – sorry. Did that permission say that when you file your amended complaint or your motion to file an amended complaint, the complaint itself must be in your client's true name? No, because – no, it did not. There were two separate orders from the lower court. The first order said you can have a briefing schedule on motion to amend the complaint. And then that was on – that was in, like, May. And then in July, the lower court denied our motion for reconsideration of his denial of our motion to proceed under a pseudonym, and he issued his order then, within seven days you must file an amended complaint in your true name. And you shouldn't. Okay. So those are two separate orders. Yes. Does that help? So we can, through Honors Grant, our motion to stay, I see no reason – motion to stay, the order to file the complaint in the true name. We can proceed with our motion to amend the complaint on the grounds in response to their motion to dismiss that, you know, the court had already allowed us to proceed with briefing on that. The only other thing I'd like to say is that our client vehemently disagrees with this factual dispute, which is totally inappropriate in a motion to dismiss stage. The video does not show our client punching anybody. It shows our client deliberately rejecting this flyer that called for signatures on an anti-Semitic petition. That's what it shows, deliberately rejecting it. But it absolutely does not show her punching anybody. So it is inappropriate to bring that up at the motion to dismiss stage, because that's not when we can dispute facts – when they can dispute facts. But we do dispute it since they're going to put this into the oral argument. Well, I mean, I guess if it's part of the pleading and it is clear on its face as to what it is, I suppose it's at least possible it could be considered, no? Well, they did not submit – this video is not before the court below. It hasn't been submitted. There's been no discovery. Well, it's referenced in the pleadings, I guess, is the question. Yeah. Our pleadings say that she deliberately rejected this flyer and accidentally jostled this person. And their response is that legally they were entitled to suspender. But is the video referenced in the pleadings? No, not in the pleadings. The only pleadings that are – no. I mean, they – in their legal arguments in the motion to dismiss, they contend that there's a video that proves what they're claiming. But that is not part of the pleadings. Okay. Okay. Well, thank you both. We will reserve decision. But I think we've got a good argument, so I appreciate that. Thank you. Well, we have – that's all right. We have one other – we have one other motion that is, as I said, on submission. And now we'll move to the –